**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARAN KARAN (A No. 226-099-068),<br><br>               Petitioner,<br><br>v.<br><br>ALBARRAN, et al.,<br><br>               Respondents. | Case No. 1:26-cv-05100-JLT-HBK<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court is Karan Karan's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 5.) Neither party requests a hearing and both parties are amendable to a ruling on the underlying petition without further briefing. (Doc. 8 at 1; Doc. 9 at 1.) As such, the Court decides this case on the underlying habeas petition.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution.[2] (Doc. 1 at 20–22.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.    BACKGROUND

Petitioner is a national of India who entered the United States in June 2024. (Doc. 1 at 2.) Upon entry, Petitioner was encountered by federal immigration officials. (*Id*.) DHS issued him a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i) and released the Petitioner on an Order of Recognizance. (*Id*.; Doc. 1-2 at 2; Doc. 1-3 at 3–4.) Petitioner later filed an application for asylum, which the Immigration Judge denied on March 10, 2026, after granting the government's motion to pretermit. (Doc. 1 at 2; Doc. 8 at 16–18.) On June 16, 2026, Petitioner appealed that decision to the Board of Immigration Appeals. (Doc. 1 at 2; Doc. 1-4 at 2–4.) On June 22, 2026, the IJ issued an amended order of removal officially ordering Petitioner

---

[2]  Because the Court grants the habeas petition on the Due Process Claim, (Doc. 1 at 20–22), the Court declines to address Petitioner's additional claims for relief. (*Id*. at 13–20.)

removed from the United States to India. (Doc. 8 at 24–26.) Petitioner is not yet subject to a final order of removal.[3] (*See id*.; Doc. 1-4 at 2–4.)

Petitioner claims that he "faithfully completed his Immigration checks . . . for over two years." (Doc. 1 at 2.) Petitioner further indicates that he has no criminal history, is not a flight risk, or a danger. (*Id*. at 5–6.) Respondents offer no evidence or argument to the contrary. (*See* Doc. 8 at 1–2, 13.) On June 11, 2026, ICE arrested the Petitioner after he appeared at the Bakersfield ISAP Office for a scheduled check-in appointment. (Doc. 8 at 13.) After his arrest by ICE, Petitioner was transferred to the Mesa Verde Detention Center in Bakersfield, California, where he remains. (Doc. 1 at 6.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing only that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 8 at 1–2.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing

---

[3] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that the IJ ordered Petitioner removed on March 10, 2026, and that an appeal was received on June 16, 2026, which remains pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 12, 2026).

violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court

**ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order, (Doc. 3), is **DENIED** as **MOOT**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

4. The Clerk of Court is directed to serve the Mesa Verde Detention Center in Bakersfield, California with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _July 13, 2026_

_____
UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.